**Jose Joel RANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39874.**

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is burglary; the punishment, 3 years.

Trial was before the court on January 12, 1966, on a plea of not guilty, a jury being waived as provided in Art. 1.15 C.C.P., 1965.

No motion for new trial having been filed, sentence was pronounced on March 23, 1966, and appellant excepted and gave notice of appeal.

The record on appeal was prematurely forwarded to this Court without having been approved by the trial judge and, upon request, was returned to the trial court.

The record, having been supplemented and approved, was returned to this Court and the case was submitted on appellant's motion to dismiss the appeal.

The supplemental record includes an affidavit of appellant filed in the trial court praying that he be allowed to withdraw his notice of appeal and accept the sentence; and the order of the trial judge granting said motion.

The trial court correctly found in such order that it retained jurisdiction of said cause and had authority to grant the motion and dismiss the appeal by virtue of

**232**

Arts. 40.09 and 44.11 of the Code of Criminal Procedure.

Art. 44.11 provides in part:

"Upon the appellate record being filed in the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04 and the proceedings in Article 40.09, shall be suspended and arrested until the judgment of the Court of Criminal Appeals is received by the trial court, * * *."

Art. 40.09, Section 9 et seq., provide a procedure in the trial court after the approval of the appellate record. Sections 9, 10 and 11 provide for the filing of briefs and oral arguments. Section 12 reads:

"It shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether defendant should be permitted to withdraw his notice of appeal and be granted a new trial by the trial court. This duty shall be performed within the period of thirty days immediately after the State's brief is filed, or, if none be filed, then within the period of thirty days immediately after the last day on which the State's brief could be timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant."

Section 13 provides that upon refusal of the court to grant defendant a new trial, the clerk shall thereupon promptly transmit the record and briefs to the Court of Criminal Appeals.

The appellate record not having been approved and the time for filing briefs not having expired, the trial judge had authority to grant appellant's application to dismiss this appeal and such order of dismissal will be confirmed.

The appeal is dismissed as of September 27, 1966, the date of the trial court's order.