Bobby Gene BARROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 47861.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and George S. McKearin, III, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated; the punishment, confinement in the county jail for six months and a fine of $50.00.

■ The appellant contends that inadmissible testimony was admitted and that the evidence is insufficient to support the conviction. We cannot consider these grounds of error because the record does not contain a transcript of the court reporter's notes for us to review.

■ The appellant also contends that the trial court erroneously deprived him of a copy of the transcription of the court reporter's notes, which prevents him from getting appellate review of his case.

The record shows that the appellant was represented in the trial court and is represented on appeal by retained counsel. He was free on bond pending a trial and has made bond pending the appeal. Notice of appeal was given on July 12, 1972. On September 22, 1972, the appellant filed a pauper's oath alleging that he was "a penniless, destitute, indigent person too poor to pay for or give security for the statement of facts."

It appears that a hearing was held pursuant to the provision of Article 40.09, Section 5, Vernon's Ann.C.C.P.[1] to determine whether the appellant was too poor to pay for a copy of the transcription of the court reporter's notes. The trial court entered an order reciting that after hearing evidence the Court was of the opinion that the appellant was not penniless, destitute and indigent and that the appellant was not too poor to pay for or give security for a "statement of facts." The order contains findings of fact that the appellant was employed making approximately $52.00 a week, that he had no outstanding obligations other than payments to his attorney for representation in this case and that the appellant lived at home with his parents who furnished his food and shelter. The order does not indicate the estimated cost of the transcription of the court reporter's notes.

We do not have before us the testimony and evidence received on the hearing to determine whether the appellant was able to pay for the transcription of the court reporter's notes.[2] Since the appellant has not made any attempt to furnish an agreed statement of facts or a formal bill of ex-

[1] The pertinent part of this Article reads as follows:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor."

[2] Under earlier law (Article 759a, Sec. 5, C.C.P., 1925), an appellant's right to a statement of facts was absolute upon proper presentation of a pauper's oath. See Zamora v. State, 165 Tex.Cr.R. 613, 309 S.W.2d 447 (1957). Under the 1965 Code, in effect at the time of this trial, the defendant must pay for a transcription of the court reporter's notes unless the trial court, after hearing in response to the defendant's affidavit, finds him unable to pay therefor. Article 40.09, Sec. 5, V.A.C.C.P. See Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App. 1967).

ception, or in any other way brought before this Court a record which would show that the trial court abused its discretion in denying him a free transcription of the court reporter's notes, we will consider the Court's order as being supported by proper evidence and conclusive of the matter.

The judgment is affirmed.

Opinion approved by the Court.