**Paul Clay LESSING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48744.**

Court of Criminal Appeals of Texas.

May 15, 1974.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for cattle theft; the court assessed punishment at two (2) years.

The record on appeal was filed in this court on May 3, 1974. The record was forwarded to this court on order of the trial court. We note, however, that the record was never approved by the trial court pursuant to Article 40.09, Sec. 7, Vernon's Ann.C.C.P. Consequently, this appeal must be abated. St. John v. State, 421 S.W.2d 661 (Tex.Cr.App.1967); McKinney v. State, 477 S.W.2d 295 (Tex.Cr.App.1972).

We note that on April 5, 1974, appellant filed his personal affidavit requesting that he be allowed to withdraw his notice of appeal and requesting the trial court to dismiss his appeal. Such motion was not acted on by the trial court. By abating the appeal we remand the cause to the trial court for approval of the entire record and such further proceedings under Article 40.-09, Vernon's Ann.C.C.P., "as though the record had not been filed in this court." St. John v. State, supra.

Accordingly, upon remand, the trial court should determine if it is still appellant's desire not to pursue this appeal. If

this be the case, the trial court has authority to dismiss the appeal. Rangel v. State, 408 S.W.2d 231 (Tex.Cr.App.1966). See also: Goodney v. State, 501 S.W.2d 311 (Tex.Cr.App.1973). Brock v. State, 449 S.W.2d 471 (Tex.Cr.App.1969); Tucker v. State, 416 S.W.2d 437 (Tex.Cr.App. 1967); and Brill v. State, 408 S.W.2d 232 (Tex.Cr.App.1966). Should the trial court dismiss the appeal pursuant to *Rangel* and its progeny, no further action need be taken by this court.

The appeal is abated.