Jackie Lee HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53319.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

Michael M. Phillips, Angleton, for appellant.

Ogden Bass, Dist. Atty., and Thomas W. Watson, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty before the court on September 15, 1975, to the offense of unauthorized use of a vehicle. Punishment was assessed at three years, probated.

A motion to revoke appellant's probation was filed on February 3, 1976, and the

record reflects that after a hearing on the motion on March 4, 1976, the court entered an order finding that appellant had violated the terms of his probation by committing the offense of attempted burglary on November 22, 1975.

■ Appellant advances contentions relative to the sufficiency of the evidence to support the court's order revoking probation and the admissibility of a confession introduced at the hearing. We cannot consider these contentions because the record does not contain a transcription of the court reporter's notes of the hearing on the motion to revoke for us to review. See *Barrow v. State,* Tex.Cr.App., 502 S.W.2d 162.

Appellant also complains of the trial court's action in "not requiring a sufficient record on the hearing on indigency to be made so that the Court of Criminal Appeals would be able to determine whether or not the trial court abused its discretion when the trial court found that the defendant was not indigent."

The record reflects that appellant on March 4, 1976 filed a pauper's oath in which it was stated that he was "wholly destitute of means to pay for a transcript and record of these proceedings" and requested the court to "order the county to furnish a transcript and record." The docket sheet reflects an entry of 4–15–76 showing that a hearing was had on the question of indigency and the relief was denied. The record contains still another pauper's oath in which appellant requested "a transcript and record of the proceedings on hearing for pauper's affidavit." At the bottom of the oath there is a notation by the court "heard and denied." This instrument bears a file date of April 15, 1976. Insofar as the record reflects, the court filed no findings

of fact following the hearing at which the relief requested in the pauper's oath was denied.

Appellant cites *Curry v. State,* Tex.Cr. App., 488 S.W.2d 100, where this Court held that after the trial court holds a hearing under Art. 40.09, Sec. 5, V.A.C.C.P.[1] to determine if a defendant is indigent:

"If the court finds he is not indigent, a sufficient record of the hearing on indigency must be made so that in the event of another appeal, this Court will be able to determine whether there was an abuse of discretion or not."

■ The State notes in its brief that appellant was represented by retained counsel and was out on bond at the time of the revocation hearing and "out on bond pending appeal." These factors, standing alone, are not determinative of the appellant's indigency at the time of appeal. *Barber v. State,* Tex.Cr.App., 542 S.W.2d 412; *Conrad v. State,* Tex.Cr.App., 537 S.W.2d 755; *Simmons v. State,* 511 S.W.2d 308.

The State relies on *Barrow v. State,* supra. In *Barrow,* the defendant filed a pauper's oath in which it was recited that he was to poor too pay for or give security for the "statement of facts." A hearing was held pursuant to Art. 40.09, Sec. 5, supra, and the court found that defendant was not too poor to pay for or give security for a "statement of facts." The order contained detailed findings of fact supporting the court's determination that defendant was not indigent. Complaint was made on appeal that defendant had been erroneously deprived of a transcription of the court reporter's notes of the trial in which he was convicted. This Court noted that it did not have the evidence of the indigency hearing before it and concluded that, absent an

---

1. Art. 40.09, Sec. 5, V.A.C.C.P., provides:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and the defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in re-

sponse to affidavit by defendant that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial judge. The court reporter shall report any portion of the proceedings requested by either party or directed by the court."

agreed statement of facts or a formal bill of exception "or any other way" showing that the trial court had abused its discretion in denying him a free record, the Court would consider the trial court's order as being supported "by proper evidence and conclusive of the matter."

In *Barrow,* the defendant made no attempt to bring "before this Court a record which would show that the trial court abused its discretion in denying him a free transcription of the court reporter's notes" and on appeal complained that he had been erroneously deprived of a free record. In the instant case, appellant, after having his request denied for a free record at the conclusion of the hearing on indigency, filed another pauper's oath in which he requested a record of that hearing. Thus, appellant made an effort to get the record of the hearing on indigency before this Court.

In *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the United States Supreme Court held that due process and equal protection clauses of the Fourteenth Amendment are violated where a state provision for an appeal in all criminal cases as a matter of right is so administered as to deny full appellate review to an indigent defendant solely because of his inability to pay for a transcription of the record while granting such review to all other defendants.

■ If a defendant is to have full appellate review in accordance with *Griffin* and Art. 40.09, Sec. 5, supra, it follows that he is entitled to have an appellate court review the court's adverse determination on a hearing on the defendant's pauper's affidavit in which a free record is requested for appeal.

■ For the reasons stated, the appeal is abated in order that a transcription of the court reporter's notes of the hearing on indigency may be furnished appellant in order that he may have appellate review of the court's order denying the relief requested in his pauper's oath.

It is so ordered.

Opinion approved by the Court.