**Delfino M. VITELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56149.**

Court of Criminal Appeals of Texas,
Panel No. 1.

June 14, 1978.

William L. Rivers, County Atty., Perryton, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation wherein appellant was convicted of driving while intoxicated, subsequent offense; the punishment, two years confinement in the Department of Corrections.

Although the record before us contains a transcription of the court reporter's notes, no brief was filed in the trial court in appellant's behalf, pursuant to Article 40.-09, Section 9, Vernon's Ann.C.C.P., and none has been filed in this Court. A review of the record indicates that an issue of indigency exists in this case.

On January 19, 1977, the State filed a motion to revoke appellant's probation alleging a violation of several terms and conditions of probation. A warrant for appellant's arrest was issued the same day. On February 14, 1977, appellant executed an affidavit of inability to employ counsel and requested the court to appoint an attorney to represent him. The trial court appointed the Honorable Bruce Roberson to represent appellant in this cause on February 14, 1977. The order appointing counsel states that "The Honorable Bruce Roberson, an attorney practicing at the Bar of this Court be, and is hereby appointed to represent said defendant and to defend him in this cause of action and to handle the appeal of this case to the Court of Criminal Appeals." Likewise, on February 14, 1977, the trial court conducted a hearing on the State's motion to revoke probation, appellant having waived the time allowed by law to prepare for trial upon such motion. At the conclusion of the hearing the trial court entered an order revoking appellant's probation. A motion for new trial was filed on February 18, 1977, which was overruled on March 14, 1977, the date appellant was sentenced to serve not less than two nor more than two years in the Texas Department of Corrections. The docket sheet reflects that notice of appeal was given on March 14, 1977.

The trial court's order overruling appellant's motion for new trial dated March 14, 1977, also indicates that appellant excepts and gives notice of appeal. While it is impossible to determine from the record whether a notice of appeal was given prior to sentencing and therefore premature, we conclude from the docket entry that notice of appeal was given in a timely fashion.

A written notice of appeal prepared by appellant's court-appointed counsel was filed on March 25, 1977, 11 days after appellant was sentenced. This notice of appeal contains the following:

". . . Comes Now the defendant in the above styled and numbered cause by and through his attorney of record at the trial of this cause, the Honorable Bruce Roberson, and would respectfully show the court, that although the defendant has not finally communicated to the undersigned, his desire to appeal his conviction in this cause to the Court of Criminal Appeals of the State of Texas, the undersigned does believe that said defendant does wish to appeal his cause to the Honorable Court of Criminal Appeals of the State of Texas, and therefore files this notice of appeal to the Honorable Court of Criminal Appeals of the State of Texas. The undersigned does, however, want the record to affirmatively reflect that the undersigned has not been retained as counsel for the defendant for the appeal, but in the abundance of caution, has given this notice of appeal to allow the defendant an opportunity to arrange for counsel to handle the appeal  .  .  ."

The docket entry by the trial judge on March 14, 1977, reflects the following:

"Defendant sentenced to two years TDC motion for new trial overruled. Defendant gives notice of appeal. Court determines that defendant is not indigent and he is advised to hire his own counsel."

Notice of completion of the record in this cause was sent to Bruce Roberson, appellant's court-appointed counsel at trial, on June 2, 1977. On June 3, Roberson informed the court by letter that although he gave notice of appeal at the time of sentencing, appellant had not been in contact with him to retain his services to perfect an appeal. Roberson also stated that he had attempted to notify appellant on two occasions, but that his attempts had been unsuccessful.

The record was approved without a hearing on June 27, 1977. Again, Roberson was notified of this fact and was advised by the clerk that he had 30 days from the 27th of June in order to file a brief. On July 8, 1977, Roberson filed a motion to withdraw as counsel stating that he had made repeated attempts to contact appellant regarding the appeal but had been unable to contact him and that he was not retained to handle the appeal in the cause. The motion to withdraw as counsel was granted on July

11, 1977, prior to the time appellant's brief was due to be timely filed. No brief has been filed in this case and the record was received on September 14, 1977.

■ It is settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App.1975). Furthermore, the decision of the Supreme Court of the United States in *Anders v. California*, supra, requires that court-appointed counsel file a brief in appellant's behalf. In the instant case, no brief has been filed and the issue presented is whether appellant is indigent on appeal and entitled to court-appointed counsel in order to protect appellant's rights on appeal.

■ While the docket notation in this cause indicates that on March 14, 1977, the date of sentencing, the court determined that appellant was not indigent and that he was advised to hire his own counsel, the record is devoid of any information of the hearing on indigency which would enable this Court to determine whether there was an abuse of discretion by the trial court in denying appellant court-appointed counsel on appeal. See *Curry v. State*, 488 S.W.2d 100 (Tex.Cr.App.1972). Furthermore, we note that the original order entered on February 14, 1977, which appointed counsel to represent appellant at the revocation proceeding also appointed counsel to defend appellant in this cause of action and to handle the appeal of this case to the Court of Criminal Appeals. The notice of completion of the record and notice of approval of the record were sent to the same counsel. The fact that appellant's court-appointed counsel filed an untimely notice of appeal in which counsel indicated that he had not been retained as counsel for the defendant on appeal and counsel's action in filing a motion to withdraw after the record had been approved on the grounds that counsel had not been retained to handle the appeal in this cause are not relevant to the issue of whether appellant was in fact indigent for purposes of appeal. In *Hicks v. State*, 544 S.W.2d 424 (Tex.Cr.App.1976) the appeal was abated in order that a transcription of the court reporter's notes of the hearing on indigency would be provided to appellant in order that he would have appellate review of the court's order denying the relief requested in his pauper's oath in which appellant requested a free record of the hearing in which he was determined not to be indigent. While appellant has made no personal effort in order to obtain a record which would show that the trial court abused its discretion in denying him a free transcription of the court reporter's notes, appellant has been effectively abandoned for appellate purposes by court-appointed counsel in the cause. Counsel stated in the notice of appeal and motion to withdraw as counsel that he had been unable to contact appellant but the indication was that counsel had not been retained to handle the appeal. Consequently, appellant's court-appointed counsel withdrew from the case, prior to filing a brief in appellant's behalf.

■ Due to the confusing state of the record in which it is impossible to determine whether appellant was not indigent as stated by the court or whether the initial order of the court appointing counsel through the appeal should be honored, we have concluded that the appeal should be abated. As stated in *Hicks v. State*, supra:

"If a defendant is to have full appellate review in accordance with *Griffin* [*Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891] and Article 40.09, Section 5, supra, it follows that he is entitled to have an appellate court review of the court's adverse determination on a hearing on the defendant's pauper's affidavit in which a free record is requested for appeal."

Unlike *Hicks*, however, the statement of facts in this cause has been prepared and forwarded to the Court. Appellant has, however, not been afforded assistance of a

counsel on appeal, and we are unable to determine whether the trial court's order allowing the withdrawal of appellant's court-appointed counsel constitutes an abuse of discretion without a supplementation of the record as to facts pertaining to appellant's indigency.

We therefore abate this appeal in order that the trial court may cause the record to reflect the basis of the docket entry in which it was stated that appellant was not indigent and should employ his own counsel.

It should be further noted that, during the proceedings in order to clarify the record, the court can determine whether appellant still desires to appeal. See *Lessing v. State*, 509 S.W.2d 356 (Tex.Cr.App.1974). If, however, appellant is found to be indigent, and still desires to appeal, the appeal should be returned to this Court subsequent to the filing of appellate briefs.

The appeal is abated.