Wesley HOGAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 57547.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

No appearance for appellant.

No appearance for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

PHILLIPS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of theft over $200.00. Punishment was assessed at six (6) years' confinement in the Department of Corrections.

The record is before us without a transcription of the court reporter's notes. No brief has been filed in appellant's behalf pursuant to Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. The record does contain, however, some indication of indigency.

The indictment in this cause was returned on October 17, 1975, and the capias pursuant to the indictment was returned as executed on October 18, 1975. Also, on October 18, 1975, appellant was released pursuant to a surety bond in the amount of $5,000.00. The record contains a judgment nisi and the final judgment declaring a forfeiture on the above-mentioned bond in addition to a capias which was returned as executed on November 19, 1976, by arresting appellant and placing him in the county jail of Guadalupe County. On November 30, 1976, appellant executed a surety bond in the amount of $15,000.00 in order to secure his release from jail.

On January 12, 1977, appellant's attorney filed a motion to withdraw as attorney of record alleging that defendant had wholly failed to make any contractual commitments with his attorney, and that since the attorney had not been paid any sums of money, he should be allowed to withdraw. The motion to withdraw was granted by the trial court on January 14, 1977. Likewise, on January 14, 1977, appellant filed an affidavit of indigency alleging that he was wholly destitute of means to hire counsel for representation in this cause. The record reflects that on the same form containing the affidavit of indigency executed by appellant an order appointing attorney was filed in but unsigned by the judge of the 25th Judicial District.

The record contains a document which incorporates appellant's stipulation of testimony wherein appellant agrees that evidence in the case may be stipulated and waives appellant's confrontation and cross-examination of witnesses and consents to the introduction of testimony by affidavits, written statements or other documentary evidence. The document also contains a waiver of a jury trial and a waiver of ten days to prepare for trial by court-appointed counsel and a waiver of ten days to file a motion for new trial and application for probation. Appellant personally signed the stipulation of testimony, waiver of jury and waiver of ten days to prepare for trial by court-appointed counsel. In addition, appellant's attorney, R. T. Monsalvo, executed the documents. The waiver of trial by jury is also executed by Houston Munson, attorney for State. The document above described contains the notation that it was subscribed and sworn to on the 12th day of October, 1975. Thereafter, a stipulation and judicial confession in which appellant confesses to the offense of theft over $200.00 was executed by appellant. The oath contained on the stipulation and judicial confession reflects that it was executed on the 12th day of May, 1975. The judgment contained in the record reflects that appellant and his counsel, R. T. Monsalvo, appeared on May 12, 1977, at which time a plea of guilty was entered, and appellant was found guilty of the offense of theft committed on March 14, 1975. The judgment reflects that the punishment was assessed at a term of six years of confinement in the Department of Corrections at that time. Appellant was sentenced on July 11, 1977. There is no written notice of appeal contained in the record, and nothing on the sentence or the docket sheet reflects that oral notice of appeal was given in this cause. The record does contain, however, an order of the court entered on October 20, 1977, which states the following:

"On this 20 day of October, 1977, it was presented to me that WESLEY HOGAN, JR., defendant in cause number 75–469, and styled The State of Texas vs. WESLEY HOGAN, JR., had given timely notice of his desire to appeal a conviction in court on in said cause (sic). Further, however, it was presented that the said WESLEY HOGAN, JR. had not properly designated any materials in this cause number for record in this appeal. Additionally, it was found that no appellant brief (sic) nor transcript have been filed in this cause for purposes of appeal. These findings are made after ninety (90) days have elapsed since the formal sentencing of WESLEY HOGAN, JR. in this cause in this court.

"WHEREFORE, all premises considered, it is found and ordered that the proposed appeal of the said WESLEY HOGAN, JR. in this cause be considered abandoned and that whatever intent the said WESLEY HOGAN, JR. may have had to properly appeal this cause has been waived and not made manifest by the proper preparation of the record for appeal."

The above-quoted order was signed on October 20, 1977, by E. W. Patteson, Judge Presiding.

■ It is settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App. 1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App. 1974); *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App. 1975). And, the decision of the Supreme Court of the United States in *Anders v. California*, *supra*, requires that court-appointed counsel file a brief in appellant's behalf.

■ Due to the incomplete and confusing state of the record in this cause,[1] we feel that the proper remedy is to abate this appeal due to the fact that there is some indication that appellant was indigent. The indication of indigency that we perceive stems from the fact that appellant and his attorney executed a waiver of the ten days' preparation for trial by court-appointed counsel. While there is no formal order appointing counsel in this cause, the execution of the ten-day waiver does create some doubt as to appellant's financial status. Consequently, the appeal will be abated so the trial court may determine whether appellant is, in fact, indigent. If the trial court so determines, it should take steps to provide appellant with effective assistance of counsel on appeal. *Douglas v. California*, *supra*; *Anders v. California*, *supra*; *Lopez v. State*, 486 S.W.2d 559 (Tex.Cr.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr. App. 1969); *Hawkins v. State*, *supra*. The trial court has authority to require such attorney to file a brief in accordance with the above-cited authorities. *Luna v. State*, 527 S.W.2d 548 (Tex.Cr.App. 1975).

If the trial court finds that appellant is represented by retained counsel, it should then determine whether the failure of such counsel to file a brief was taken with appellant's knowledge and consent under the instructions in *Steel v. State*, 453 S.W.2d 486 (Tex.Cr.App. 1970).

■ It should be further noted that while we have held that it is incumbent upon the appellant, whether indigent or not, to exercise diligence in securing a copy of the court reporter's notes and that an indigent is also required to adhere to the time requirements imposed by Art. 40.09, Vernon's Ann. C.C.P., the trial court has no authority to unilaterally abandon appellant's appeal and

1. As previously stated, the record indicates that appellant's waiver of trial by jury and stipulation of testimony and waiver of ten days for trial by court-appointed counsel was ostensibly executed on October 12, 1975. The stipulation and judicial confession, however, were sworn to on May 12, 1975. The judgment entered of record, however, indicates that the plea was taken on May 12, 1977. While it is very likely that the dates on the executions of the waiver of trial by jury and the stipulation and judicial confession were incorrectly entered, it is very difficult to determine when, in fact, appellant's plea of guilty was entered.

waive appellant's appeal even though the statutory provisions for the preparation of the record and filing of appellant's brief had not been properly pursued.

 The trial court, during the hearing in order to determine the question of indigency hereinbefore discussed, can determine whether appellant still desires to appeal. See *Lessing v. State*, 509 S.W.2d 356 (Tex.Cr.App. 1974). If, however, appellant is found to be indigent, and still desires to appeal, the appeal should be returned to this Court together with the trial court's findings and a transcription of the court reporter's notes at said hearing in order that this Court might properly review the same. See *Stephens v. State*, 509 S.W.2d 363 (Tex.Cr.App. 1974); *Hicks v. State*, 544 S.W.2d 424 (Tex.Cr.App. 1977).

For the reasons stated, the appeal is abated.