George CARDENAS, Appellant,

v.

STATE of Texas, Appellee.

No. 04–84–00021–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 22, 1984.

Appeal Reinstated Aug. 23, 1984.

Marvin Miller, San Antonio, for appellant.

Samuel D. Milsap, Jr., Criminal Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant was convicted of the offense of unlawfully carrying a weapon on a licensed premises and placed on probation. Subsequently, probation was revoked and appellant was sentenced to three years' confinement in the Texas Department of Corrections.

The record before us contains a statement of facts and a transcript. No briefs have been filed. We are unable to determine whether appellant is indigent and represented by court-appointed counsel; whether appellant is represented by retained counsel; and further, whether appellant's attorney has failed to represent him on appeal, or whether appellant no longer desires to appeal. These questions are best left for the trial court to determine after an evidentiary hearing conducted pursuant to the general guidelines established in *Hogan v. State*, 572 S.W.2d 526 (Tex. Crim.App.1978) and *Steel v. State*, 453 S.W.2d 486 (Tex.Crim.App.1970). Following this hearing, the entire appeal should be returned to this Court. *See Hogan v. State, supra.*

The appeal is abated and this cause is remanded to the trial court to resolve, by evidentiary hearing, the matters discussed herein.

BUTTS, Justice, dissenting.

I respectfully dissent because no reason exists for returning this matter to the trial court unless that court must appoint counsel for this appellant after making a determination of indigency. However, the transcript plainly demonstrates that counsel on appeal is *retained*. The "confusing" state of the record in *Hogan* is simply not present in this case.

Our duty in this matter stems from the power of this appellate court. We should

direct retained counsel to file the brief for appellant. Appellant may desire not to continue the appeal and then file his motion to dismiss. There is no reason to burden the trial court at this juncture.

Therefore, I dissent because the abatement is unnecessary.