**Robert L. SNOKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1058–83.

Court of Criminal Appeals of Texas,
En Banc.

April 30, 1986.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, David H. Montague and Darrell G. Adkerson, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of theft over $200 but less than $10,000 and sentenced to five years' incarceration in the Texas Department of Corrections. Appellant was given probation upon recommendation of the jury.

Appellant was convicted on April 10, 1982. On June 29, 1982, appellant gave notice of appeal after the trial court overruled his motion for new trial. On July 7, 1982, appellant filed an affidavit stating that he was unable to obtain a statement of facts for appeal due to his indigency. A hearing was held on the affidavit and the trial court denied appellant's request for a free statement of facts. On July 20, 1982, appellant filed a written request for the portions of the record he wanted included for his appeal according to Art. 40.09, § 5, V.A.C.C.P.[1] This written request included

---

1. Art. 40.09, § 5, V.A.C.C.P. reads:

If a party desires to have all or any portion of

the statement of facts of his indigency hearing. Thereafter, on July 29, 1982, on motion of the State, appellant's indigency hearing was reopened. It concluded on August 5, 1982, with a finding that appellant was not indigent. Appellant was afforded neither a statement of facts for his criminal trial nor one for his indigency hearing.

The Ft. Worth Court of Appeals, in an unpublished opinion, held that appellant had not adequately requested the statement of facts from his indigency hearing and, thus, no review of that decision could be made. Further, appellant's other grounds of error were also non-reviewable because no statement of facts from his criminal trial was provided. *Snoke v. State*, No. 2-82-140-CR (Tex.App.—Ft. Worth, delivered July 27, 1983). On original submission this Court denied appellant's petition for discretionary review as untimely filed. However, on appellant's motion for rehearing, the petition was accepted and filed. We granted appellant's petition for discretionary review to determine whether appellant was required to file a second pauper's affidavit in order to obtain the statement of facts from his indigency hearing.

The Court of Appeals, citing *Barrow v. State*, 502 S.W.2d 162 (Tex.Cr.App.1973) and *Hicks v. State*, 544 S.W.2d 424 (Tex.Cr. App.1976), held that a second pauper's affidavit was required. In *Barrow*, supra, the defendant made no request at all for a statement of facts from his indigency hearing. Accordingly, the Court held that, "we will consider the Court's order as being supported by the proper evidence and con-

clusive of the matter." *Barrow*, supra, at 164.

In *Hicks*, supra, the defendant did request a statement of facts from his indigency hearing by filing a second pauper's affidavit. However, the real issue in *Hicks*, supra, was whether the defendant should be afforded review of the trial court's finding on indigency prior to proceeding to appeal on the merits of his criminal trial. The Court held that such review was mandated by *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and Art. 40.09, § 5, V.A.C.C.P. and abated the defendant's appeal until such time as he was afforded a statement of facts from his indigency hearing so that it could be reviewed. Nowhere in the opinion does this Court hold that a pauper's affidavit is required in order to obtain a statement of facts from an indigency hearing. It is simply one method of request.

■ The instant case is factually distinguishable from both *Barrow*, supra, and *Hicks*, supra. Unlike the defendant in *Barrow*, supra, appellant did make a request for a statement of facts from his July 7th indigency hearing. However, unlike the defendant in *Hicks*, supra, the request was not made in the form of a pauper's affidavit. We do not believe that a second pauper's affidavit is required. Indeed, it would seem illogical to require a second affidavit when appellant had previously filed a similar affidavit in order to obtain a hearing on the issue and an appellate record. We hold that so long as some request is made, a statement of the facts should be afforded appellant so that he can obtain review of that decision. *Hicks*, supra. See Art. 40.09, § 2, V.A.C.C.P.

a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record and the appellant shall pay therefor. The court will order the reporter to make such transcription without charge to appellant if the court finds, after hearing in response to

an affidavit filed by the appellant not more than 20 days after giving notice of appeal that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial judge. The court reporter shall report any portion of the proceedings requested by either party or directed by the court.

The State argues that the request made in the instant case was untimely as it was made on July 20, 1982, when the indigency hearing did not conclude until August 5, 1982. This argument is without merit. At the time appellant made his request the initial hearing on indigency had concluded and appellant was denied a free appellate record by the trial court. The evidence of appellant's indigency was reopened at the State's request. Under these circumstances we will not require appellant to make a second request after the hearing is again concluded. If the State desired the additional testimony to be included, they could have so specified. See Art. 40.09, § 2, V.A. C.C.P.

Appellant also advances grounds of error dealing with inadmissible evidence, jury misconduct, newly discovered evidence and sufficiency of the evidence. We cannot consider these contentions because the record does not contain a transcription of the court reporter's notes taken during appellant's criminal trial. See *Hicks*, supra; *Barrow*, supra.

Accordingly, the judgment of the Court of Appeals is reversed. For the reasons stated, the appeal is abated in order that a transcription of the court reporter's notes of the hearing on indigency may be furnished appellant in order that he may have appellate review of the court's order denying the relief requested in his pauper's oath. See *Hicks*, supra.