· **Ramiro LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–049–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 19, 1987.

ORDER

PER CURIAM.

Appellant was convicted of possessing a controlled substance. Written notice of appeal was timely given. Pursuant to Tex.R. App.P. 53(j)(2), appellant requested that the trial court provide him with a free statement of facts. At a hearing, the trial court found the appellant was not indigent and denied his request.

Appellant then requested a free copy of the statement of facts from the indigency hearing. This request was also denied. Appellant filed, in this Court, a "Motion to Abate the Appeal and Instruct Trial Court to Furnish Appellant Transcription of Indigency Hearing." We granted the motion in our order delivered April 9, 1987. Appellant has obtained the transcription of his indigency hearing.

Appellant now challenges the trial court's finding of non-indigency and seeks to have the court provide him with a free statement of facts from the trial.

A defendant is entitled to have an appellate court review the trial court's adverse determination on the defendant's pauper affidavit in which a free record is requested for appeal. *Hicks v. State,* 544 S.W.2d 424 (Tex.Crim.App.1976).

An examination of the record reveals that: 1) appellant diligently sought a record on appeal at government expense; 2) he established a prima facie case of entitlement to such a record through his hearing testimony regarding a lack of financial resources; and 3) the State failed to rebut this prima facie case. The State now concedes that appellant should receive a free statement of facts for his appeal.

Appellant's request for a statement of facts from the trial is granted. *See Abdnor v. State,* 712 S.W.2d 136 (Tex. Crim.App.1986). The trial court is instructed to have the court reporter prepare a statement of facts at no cost to appellant. It is hereby ORDERED that the statement of facts be filed with this Court on or before January 21, 1988.