

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00110-CR

MICHAEL EARITT WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 60286

Before Morriss, C.J., Carter and Moseley, JJ.

## O R D E R

Michael Earitt White has filed an appeal with this Court. As no record was filed, and in light of his repeated claims of indigence and the lack of the provision of information from any other source despite our repeated efforts, we abated the appeal to the trial court for a hearing to attempt to determine the nature of the case. The trial court conducted a hearing, and we have been provided with the following information: (1) White was convicted on June 6, 2013, of misdemeanor driving while license suspended and (2) on June 27, 2013, the trial court conducted an indigency hearing and found him not indigent.

White continues to claim to be indigent. We therefore abated the case to the trial court for a hearing on indigency. The court conducted a cursory hearing, asking White if there were changes in his circumstances since the previous June hearing. White said there were not, and the trial court, relying on the information provided at that time, again concluded that he was not indigent.

Following the directives of this Court, a clerk's record has been filed containing the trial court's findings on indigency (adopting and providing a copy of the findings that it had previously made on June 27, 2013), and we have now also received transcripts of both the June 27, 2013, and the January 2, 2014, indigency hearings pursuant to our abatement order.

Because White was found not indigent, he has no right to a free transcript of the proceeding at which he was convicted or to the preparation of a free clerk's record. He does, however, have the right to a free copy of the record of the indigency hearing that was filed with this Court. White should be afforded review of the trial court's finding on indigency prior to

2

proceeding with the appeal on the merits of his criminal trial. Such review is mandated by *Griffin v. Illinois*, 351 U.S. 12 (1956), and *Snoke v. State*, 717 S.W.2d 5, 6 (Tex. Crim. App. 1986). We now have a sufficient record to allow appellate review of that matter, and a record is available at the Office of the County Court at Law of Lamar County for White to review in preparing his brief.

As this matter must necessarily be decided before we reach the main appeal, we direct White to file a brief restricted to the question of whether the trial court erred by finding that he was not indigent. White is instructed that his brief should contain supporting references to the record and citations to any controlling authority. The brief must be filed within thirty days of the date of this order and to be received by this Court on or before February 24, 2014.

IT IS SO ORDERED.


BY THE COURT


Date: January 23, 2014

3