

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00218-CR
_____

JUAN COTA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No.CR-16B-026; Honorable Roland Saul, Presiding

June 22, 2016

## ORDER DIRECTING FILING
## OF RECORD OF INDIGENCY HEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Juan Cota, Jr., filed a timely notice of appeal from his conviction for aggravated sexual assault for which he received a thirty-five year sentence. According to the limited documents before this court, when Appellant filed his notice of appeal, he also filed an *Affidavit of Indigence* with a request for a free clerk's record and reporter's record. *See* TEX. R. APP. P. 20.2 (describing procedure for an appellant to request an

appellate record without charge). Appellant's affidavit recites that he has no dependents, is unemployed, and has no income. An entry in the trial court's criminal docket sheet reflects that a hearing was held on the issue of Appellant's indigence. Although no order from that hearing has been filed in this court, the docket sheet contains an entry providing "there were assets that weren't listed" in the affidavit. The entry continues, "[h]e was told the county would not pay his appeal expenses at this time."[1]

Appellant's counsel[2] has now filed a *Notice of Appeal of Denial of Motion for Record on Appeal to be Provided at County Expense* and designations for preparation of the clerk's record and reporter's record of the hearing resulting in the denial of Appellant's request for a free record.

A determination that an appellant is not entitled to a free record may be reviewed on appeal. *Hicks v. State*, 544 S.W.2d 424, 425 (Tex. Crim. App. 1976). If a trial court finds that an appellant is not indigent, a sufficient record of the hearing on indigency must be made for appellate purposes to determine whether the trial court abused its discretion. *Id.* The trial court is obligated to furnish a record of the indigency hearing at no cost to an appellant for purposes of appellate review. *Castillo v. State*, 595 S.W.2d 552, 554 (Tex. Crim. App. 1980).

Appellant has challenged the trial court's finding that he is not indigent and therefore, not entitled to a free appellate record. Accordingly, the trial court clerk and

---

[1] A docket sheet entry cannot take the place of a written order or judgment. *Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995).

[2] It is unclear at this time whether appellate counsel is retained as indicated in the trial court clerk's *Criminal Information Form* or whether he is providing his services to Appellant pro bono.

2

court reporter are ordered to prepare and file in this court that portion of the appellate record pertaining to the hearing held on June 2, 2016, on Appellant's *Affidavit of Indigence* on or before July 8, 2016.

It is so ordered.

Per Curiam

Do not publish.