

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-16-00218-CR

_____

JUAN COTA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-16B-026; Honorable Roland Saul, Presiding

July 11, 2016

## ORDER ON APPELLANT'S CHALLENGE
## TO TRIAL COURT'S FINDING OF NON-INDIGENCE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Juan Cota, Jr., was convicted of aggravated sexual assault of a child and sentenced to thirty-five years confinement. In appealing his conviction, the trial court found he was not entitled to have the appellate record provided at no cost to him. Appellant's counsel, proceeding *pro bono*, appealed that ruling.

Because the appellate record from Appellant's conviction was due to be filed on July 5, 2016, time is of the essence in resolving Appellant's financial situation regarding whether he is entitled to have the record provided without advance payment. Accordingly, this court issued an order on June 22, 2016, ordering that the record from the indigency hearing be filed, at no cost to Appellant, in order for this court to review the trial court's ruling. *See Cota v. State*, No. 07-16-00218-CR, 2016 Tex. App. LEXIS 6678 (Tex. App.—Amarillo June 22, 2016, order) (not designated for publication). The record was filed on July 6, 2016.

We review a trial court's ruling on a defendant's financial status and entitlement to a record at no cost under an abuse of discretion standard. *Hicks v. State*, 544 S.W.2d 424, 425 (Tex. Crim. App. 1976). In making its finding, a trial court is to consider only the appellant's personal financial situation and not that of his family, relatives, friends, or employers. *Ex parte King*, 550 S.W.2d 691, 694 (Tex. Crim. App. 1977).

On June 2, 2016, a hearing was held on Appellant's affidavit of indigence with the prosecutor raising concerns about the affidavit. In his affidavit, Appellant claimed to be permanently separated from his wife with no dependents, no income, and no assets. However, Appellant testified he and his wife owned a home which was currently listed for sale for $92,500 and for which he believed $65,000 was still owing. He had two vehicles in his name—a 2003 Dodge pickup valued at $2,500 and a 2008 Honda valued at $4,000 on which he and his wife still owed $5,000. He testified that although title had not been officially transferred, the pickup had been given to his son to use for work. He also testified that the Honda was his wife's vehicle which she used for work and to

2

transport their daughter to and from school.  He also testified he had recently closed a bank account containing $300 but no longer had any of those funds.

Appellant testified that because of his confinement and separation from his wife, he assumed the assets were her property and he did not list them in his affidavit of indigence.  At the conclusion of the hearing, the trial court found that for the time being, based on Appellant's assets, he would not be provided with a free record.

Based on the record before us, we cannot say the trial court abused its discretion in denying Appellant a record at the expense of Deaf Smith County.  Appellant was not completely candid with the court regarding his assets, leaving the trial court to question the credibility of his other statements regarding his financial resources, and he testified to owning an interest in real property having a net equity value of over $25,000. Accordingly, Appellant's challenge to the trial court's ruling on his affidavit of indigence is denied.  In light of this ruling, we *sua sponte* extend the deadline for filing an appropriate appellate record to August 8, 2016.

It is so ordered.

Per Curiam