**Harold BRIDGES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43714.**

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Appeal Reinstated Sept. 16, 1971.

Rehearing Denied Nov. 2, 1971.

F. James Wunderlich, Houston, for appellant.

C. W. Karisch, County Atty., Hempstead, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated assault. The punishment was

assessed by the jury at confinement in jail for thirty days and a fine of $250.00.

The record contains no transcription of the court reporter's notes.

It is contended by the appellant that the record is incomplete and inaccurate, because he was not afforded a hearing before the court finally approved the record on appeal.

The record contains no copy of a notification of completion of the record or a showing when any notification by certified mail was sent to appellant or his counsel. Article 40.09, Section 7, Vernon's Ann.C.C.P., as amended, provides:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. If such objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the attendance of the defendant at such hearing. Such proceeding shall be included in the record, and the entire record approved by the court."

If an objection to the record was made within fifteen days after notification of the completion of the record and no hearing was held, appellant should be afforded an opportunity to have a hearing. The trial court then may enter orders to cause the record to speak the truth and then proceed under the provisions of Article 40.09, V.A.C.C.P., concerning the record and the appellate briefs in the trial court.

If no objection was filed to the record within fifteen days after the notice of completion of the record, then a supplemental record, approved by the court, showing a copy of such notification along with a copy of the receipt for the certified mail to appellant's counsel should be sent to the Clerk of this Court.

We abate the appeal in order that a hearing on any objections to the record and the subsequent appellate proceedings may be had unless the record is supplemented to show that proper notice of the completion of the record was made and there was no timely objection.

It is so ordered.

## OPINION
## ON STATE'S MOTION TO REINSTATE APPEAL

ODOM, Judge.

The state's motion to reinstate this appeal alleges that Supplemental Transcript of the Record shows that notice pursuant to Sec. 7 of Article 40.09, V.A.C.C.P., was delivered to counsel for appellant on October 15, 1970; and that the Clerk certifies that no objection to the transcript of the record has been made.

On March 4, 1971, a supplemental transcript was filed in this cause, showing that the Clerk of the County Court, on October 15, 1970, mailed notice of completion of the record to the attorney of record for the appellant herein. There is a notation on such notice that it was received on October 15, 1970, at 2:55 P. M. by the appellant's attorney.

The record fails to show that any objection was made to the trial court, and the approval of the Judge of the County Court of Waller County certifies that more than 15 days had elapsed after notice of completion of the record and further certifies that no objection had been made at the time of his approval of the record.

Appellant contends that there were in fact objections to the record and attached exhibits to a motion filed in answer to state's motion to reinstate the appeal. The exhibits show that on October 29, 1970, objections to the record were mailed and further show that they were received by the Clerk of the County Court on October 30, 1970. Although these exhibits are not properly before the court, no controversy is in fact raised by their consideration because the substance of the objections to the record as therein stated is that appellant was never arrested and that a capias was altered to falsely show that he was arrested on February 6, 1970. An examination of the record fails to reveal any such capias, and even if it did so reveal, its materiality to any matter for consideration on this appeal has not been shown. Therefore, even if these objections were properly made, and even if the trial court sustained them, no action on the part of the trial court taken thereunder would affect this record on appeal.

For the reasons herein stated, the appeal of this cause is reinstated. And, upon consideration of the record, we find that the appellant has failed to file a brief in the trial court setting forth any grounds of error. The record contains no statement of the facts, and there is no showing of indigency on the part of the appellant. Further, an examination of the record fails to reveal any matter that should be reviewed by this court as unassigned error, in the interest of justice, pursuant to Article 40.09, Sec. 13, V.A.C.C.P.

The judgment is affirmed.