Clarence SHEPHERD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46073, 46074.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

No attorney on appeal for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from orders revoking probation.

On June 30, 1970, the appellant, upon pleas of guilty, was convicted for the possession of marihuana and for wilfully injuring property of another. Punishment was assessed in each case at eight years, probated.

On March 15, 1971, a second amended motion to revoke probation was filed alleging, among other things, that on August 23, 1970, the appellant violated the conditions of probation, which had been imposed, by: (1) possessing narcotic paraphernalia; (2) possessing a narcotic drug; (3) wilfully injuring property of another; (4) discharging firearms, and (5) being intoxicated.

The record contains no transcription of the court reporter's notes. After notice of appeal, the appellant filed a pauper's oath and requested a transcription of the court reporter's notes. A hearing to determine if the appellant was indigent was held. After the hearing, which lasted twelve minutes, the court found that the appellant was not indigent. The appellant alleged that he was trying to obtain funds and the court granted several extensions to obtain a transcription of the court reporter's notes.

The record shows that the appellant has been on bail since notice of appeal was given and had retained counsel at the time of the trial. In fact, appellant has had three different retained counsel in these proceedings.

The appellant is free on bail and has been since probation has been revoked. He had retained counsel at the hearing on the motion to revoke. New counsel was retained after the first attorney was permitted to withdraw. Upon withdrawal of retained counsel on appeal, new counsel was retained and then the two extensions of time for filing a statement of facts were granted to his newly retained counsel.

The record does not show the testimony on indigency at the twelve minute hearing. The appellant has not submitted a statement of facts or made any allegation as to what evidence was offered at the hearing.

Notice of completion of the record in accordance with Article 40.09, Section 7, Vernon's Ann.C.C.P., was sent by certified mail to the appellant April 25, 1972. No objection was made to the record.

The record, as approved, presents nothing that should be reviewed under Article 40.09, Section 13, V.A.C.C.P., in the interest of justice.

The judgments are affirmed.