Mike Lomas **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–82–00069–CR.

Court of Appeals of Texas,
San Antonio.

March 2, 1983.

James F. Pons, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

## OPINION

CANTU, Justice.

On January 10, 1979, the trial court convicted appellant of murder and assessed punishment at 15 years' confinement in the Texas Department of Corrections. Retained trial counsel filed a motion for new trial alleging irregularities and violations of appellant's rights under the Texas Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 et seq. (Vernon Supp.1982). On July 20, 1979, the court overruled the motion and pronounced the sentence. Trial counsel gave oral notice of appeal.

On October 18, 1979, the official court reporter for the 144th District Court certified to the trial court that a statement of facts had not been requested by retained counsel, and because there was no affidavit of indigency filed, no statement of facts had been prepared. On October 18, 1979, a notice of completion of the record was mailed by the clerk of the court to the trial attorney of record. On June 17, 1980, the trial court, in the absence of objections to the record, approved the record, less the statement of facts. Notice of approval of the record was sent by the clerk of the court to trial attorney of record on June 18, 1980. No briefs were filed, and the record, was never transmitted to the Court of Criminal Appeals, as required under Tex. Code Crim.Pro.Ann. art. 40.09 § 13 (Vernon 1979), prior to amendment by the 67th Legislature.[1]

A deputy clerk of the Bexar County District Clerk's office hand delivered the record to this court on February 10, 1982. No statement of facts or briefs accompanied the record. Thereafter, on February 23, 1982, the original trial attorney filed a motion to withdraw as attorney of record and sought substitution of another retained attorney as counsel of record on appeal. This court, by order dated March 17, 1982, granted permission to withdraw and substitute counsel.

On March 30, 1982, the new counsel filed an instrument entitled "Amended Motion to Proceed Appeal Out of Time" in this court.[2] In this motion, counsel candidly conceded he did not know whether to seek an extension of time or an out-of-time appeal. The motion further alleged that without appellant's knowledge or consent, his appeal was abandoned on July 17, 1980, by his then attorney of record. The thrust of the motion was that the statement of facts had not been prepared due to dereliction of duty by appellant's former counsel, and through no fault of appellant. We denied appellant's request seeking relief from this court on May 3, 1982.

Correspondence to this court by appellant's former attorney of record regarding the events leading to his withdrawal from

---

1. Acts 1981, 67th Leg., p. 804, ch. 291 § 108, eff. Sept. 1, 1981. There is nothing in the record to indicate that the clerk's failure to transmit the record to the appellate court was due to any fault attributable to appellant.

2. An original "Motion to Proceed Appeal Out of Time" was refused pending compliance with Rule 6 of the Texas Rules of Post Trial and Appellate Procedure (eff. Feb. 1, 1982).

the case, together with allegations made by appellant in his motion, prompted us to reconsider our previous ruling denying appellant's request for relief. On June 23, 1982, this court entered an order abating the appeal and remanded the case to the trial court with instructions to conduct a hearing in order to develop the facts concerning appellant's failure to timely and diligently pursue a meaningful appeal. We directed the trial court to determine whether the prior counsel or the appellant was responsible for not filing a transcription of the court reporter's notes and a brief for appellant. Because appellant's motion also raised constitutional questions which were in part corroborated by an otherwise ambiguous record, we also directed the trial court to conduct an independent hearing regarding the factual basis for allegations concerning the violations of the Speedy Trial Act in the event it was established that appellant was not at fault in failing to pursue his appeal in a diligent manner.

We now have before us the court reporter's transcription of the ordered hearings conducted by the trial court, and the court's findings of fact and conclusions of law. We, therefore, reinstate the appeal.

The findings of the court, fully supported by the record, reflect that appellant by and through his retained trial attorney gave oral notice of appeal on July 29, 1979, after the trial court denied his motion for new trial and pronounced sentence. Immediately thereafter appellant released his trial attorney from any further responsibility or obligation to him in perfecting his appeal by ordering him to discontinue any and all further efforts to represent him on appeal. Trial counsel correctly understood that he no longer represented appellant and took no further action to pursue the appeal.

Appellant did not retain other counsel for the purpose of pursuing his appeal, although he was advised by his prior attorney to do so in order to preserve a meaningful review. Appellant had the opportunity and

was advised of the fact that he could have the transcription of the court reporter's notes prepared at no cost to him. He was also advised that an attorney would be appointed by the trial court to represent him on appeal if indigent. Appellant either failed or refused to file an affidavit of indigency.

Appellant testified that he believed he had hired his trial attorney to appeal his conviction, but did not know or could not remember ever paying him a fee to do so. There is no indication that appellant was indigent at the time he was sentenced and gave notice of appeal, nor does he purport to have become indigent since that time or up to and including the date of hearing. The issue of indigency has, in fact, never been raised. There is no indication that appellant ever made arrangements to procure the statement of facts in any manner, or to secure the services of another attorney to pursue his appeal. Although he alleges in his motion filed with this court that he became aware that his previous attorney had abandoned the appeal on July 17, 1980, there is nothing in the record indicating why he waited until February 10, 1982, to obtain the services of his current attorney of record.[3]

We find nothing in the record to exonerate appellant from his failure to timely pursue his appeal pursuant to the appellate procedures then in effect.

■ The giving of notice of appeal and the timely filing of the transcript with the district court clerk perfected his appeal so as to invoke the appellate court's authority to review his conviction. Failure to timely file a statement of facts and brief, while not affecting his right of review, seriously limits the scope of review given his appeal. *Dart v. State*, 515 S.W.2d 119 (Tex.Cr.App. 1974); *Shepherd v. State*, 486 S.W.2d 572 (Tex.Cr.App.1972); *Bridges v. State*, 471 S.W.2d 838 (Tex.Cr.App.1971) *cert. denied* 407 U.S. 926, 92 S.Ct. 2466, 32 L.Ed.2d 812 (1972); *Sulaica v. State*, 404 S.W.2d 598 (Tex.Cr.App.1966).

---

3. Included in the record of the hearing is a document purporting to seek the services of yet another retained attorney to represent him on appeal. The instrument bears no file mark and is dated February 22, 1982, and is addressed to the trial court.

■ Retained counsel represented appellant at trial, and appellant has never raised the issue of indigency. The record reflects he has consistently demonstrated the ability to retain counsel of his own choosing.[4] It was, therefore, his responsibility to obtain and pay for a transcription of the court reporter's notes and to furnish the transcription to the clerk to include in the record. *Daughtrey v. State,* 544 S.W.2d 158 (Tex.Cr.App.1976); *Dart v. State, supra;* Tex.Code Crim.Pro.Ann. art. 40.09 § 5 (Vernon 1979).

■ Under our State Constitution as well as the United States Constitution, an indigent defendant is entitled to the effective assistance of counsel on appeal. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Hogan v. State,* 572 S.W.2d 526 (Tex.Cr.App.1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). The Supreme Court of the United States in *Anders v. California, supra,* required that court appointed counsel file a brief in appellant's behalf. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) extends the benefits in *Anders* to those appellants who retain counsel.

■ However, neither *Anders* nor *Cuyler* apply where the appellant denies being indigent and fails, refuses, or neglects to avail himself of appellate rights by seeking the assistance of retained counsel or pursuing a *pro se* review of his conviction. The record supports a finding that appellant has not been diligent in prosecuting his appeal. We conclude, as did the trial court, that appellant has not demonstrated that he has been deprived of a statement of facts without fault on his part and that he exercised all of that due diligence as required by law.

In view of our disposition, we need not reach the findings made by the trial court regarding the substantive questions of law raised by the appellant.

Inasmuch as the record filed with this court containing those items required by article 40.09(1) Tex.Code Crim.Pro.Ann. (Vernon 1979) was timely prepared and approved by the trial court in accordance with the law then in effect, we are not justified in dismissing the appeal. In the absence of a brief setting forth any grounds of error our review of appellant's conviction is limited to fundamental error apparent on the face of the record. *Bridges v. State, supra; Shepherd v. State, supra; Dart v. State, supra; Sulaica v. State, supra.* Our examination of the limited record discloses no error requiring reversal and accordingly the judgment of conviction is affirmed.

---

**4.** Although the record reflects that appellant hired or attempted to hire at least 3 attorneys since his arrest in the instant case, the record is totally devoid of any effort by appellant to retain counsel from July 20, 1979 through February 10, 1982.