Barker-NR v. St 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-91-064-CR

        NATHAN RAY BARKER,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the County Court
Freestone County, Texas
Trial Court # 15,504
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     
          Appellant perfected an appeal on April 10, 1991, from a conviction for driving while
intoxicated. The transcript was filed in this court on July 8, and the statement of facts was due
to be filed August 7. To date, no statement of facts has been filed. On September 25, retained
counsel for Appellant filed in this court a motion to withdraw as counsel, citing a conflict of
interest. No motion to substitute counsel has been filed.
          On November 6, this court issued an order abating the appeal and ordering the trial court
to conduct a hearing to determine whether Appellant desired to continue to prosecute the appeal
and, if so, to appoint counsel if Appellant was found to be indigent.
          The trial court's findings of fact and conclusions of law based upon this hearing reflect
that: 
(1)Appellant did not appear at the hearing; 
(2)The court took judicial notice of its file and that Appellant was sent notice
to appear at the hearing by certified and regular mail to his last known
address, and that Appellant's bondsman was notified of the hearing and
failed to produce Appellant;
(3)Defendant's counsel on appeal had been unsuccessful in attempting to
contact the defendant or locate him;
(4)The trial court signed an order on December 9 forfeiting Appellant's bond
and ordering a capias to issue for his arrest.
The trial court then concluded that Appellant's failure to respond to notice of the hearing indicates
Appellant's desire not to pursue the appeal.
          The last sentence of Rule 74(1)(2) provides that we may consider an appeal in instances
where the Appellant is not indigent and fails to make the necessary arrangements to file a brief. 
See Tex. R. App. P. 74(1)(2). The provision of the rule relating to indigent appellants primarily
protects them from failure of appointed counsel to file a brief. Coleman v. State, 774 S.W.2d 736,
738 (Tex. App.—Houston [14th Dist.] 1989, no pet.).
          Here, we have no brief, no statement of facts, and a retained counsel who will not file a
brief because Appellant cannot be found. Given those facts and the fact that the record before us
fails to reveal any matter which should be reviewed as unassigned error in the interest of justice,
we affirm the judgment. See Bridges v. State, 471 S.W.2d 838, 840 (Tex. Crim. App. 1971) (on
rehearing).

                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 4, 1992 
Do not publish